# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARWA A.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-93**  (Fam. Ct. Kanawha Cnty. No. 15-D-1431)

**MOHAMED A.,**
**Petitioner Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Marwa A.[1] ("Mother") appeals the Family Court of Kanawha County's February 13, 2023, final order denying her access to the parties' children's therapy records. Mohamed A. ("Father") responded in support of the family court's decision.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision. For the reasons stated below, this case is remanded with directions to the family court to enter a new order with sufficient findings of fact and conclusions of law.

The parties are the parents of two children, a daughter, age twelve, and a son, age eight. The parents were divorced by an order entered on February 21, 2017. Per the divorce order, Mother was granted the majority of the parenting time. Actions that led to this appeal began with a contempt petition being filed by Father against Mother in February 2022. In his contempt petition, Father alleged that Mother withheld the children from visits, denied Father FaceTime calls, and encouraged the children to act disrespectfully toward him. Father also alleged that Mother withheld the children upon learning that he planned to take them to Egypt, despite his purchase of non-refundable plane tickets. Mother also allegedly refused to allow the children to visit Father on Eid, the most important holy day in Islam. On March 11, 2022, a temporary hearing was held on Father's contempt petition, during

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Marwa A. is represented by James M. Pierson, Esq. Mohamed A. is represented by Timothy A. Bradford, Esq.

1

which Mother contended that Father had been abusive to the children. The family court ordered that its previous orders would stand and admonished Mother, directing her to stop the children from disrespecting Father. The family court also ordered Saar Psychological Group to conduct evaluations to determine whether the children had been abused by Father or whether Mother had engaged in parental alienation.

Father filed another petition for contempt against Mother on April 7, 2022. In this petition, Father alleged that the children were withheld from two February of 2022 visits, one March 2022 spring break visit, and one April 2022 visit. Father further alleged that the children repeatedly referred to him as "stupid" and "psycho." Father requested that he be deemed the primary residential parent and given twenty-six days of make-up parenting time. A status hearing was held on April 13, 2022. The status hearing order was entered on April 16, 2022, wherein the family court ordered Father to provide videos of the FaceTime calls to Mother's attorney and Mother was ordered to use AppClose for communication with Father.

On April 22, 2022, Father filed a motion requesting either the immediate transfer of custody or in the alternative an order requiring Mother to exchange the children for their appointment with Saar Psychological Group and for their April visitation. Father also requested police assistance when obtaining the children. In his motion, Father alleged that Mother had declined to use AppClose, that Mother was coaching the children regarding the litigation, and that Mother, once again, failed to transfer the children for visitation.

Mother filed a response to Father's motion on April 25, 2022, wherein she stated that: (1) she signed up for AppClose but Father had not accepted her request through the app; (2) she has difficulty understanding how to use the app; (3) she has not alienated the children from Father; but rather, Father's treatment and actions toward the children caused their disrespect toward him; (4) Father had told the children he records all conversations and also records the children in his home at all times; (5) Father chose not to exercise parenting time in April 2022; and (6) if the children have parenting time during Eid, they would have to miss a full week of school, which was not in their best interest.

On April 28, 2022, a telephonic hearing was held by proffer on Father's contempt petitions. By order entered May 16, 2022, the family court denied a transfer of custody but did not rule it out for the future. The court also set an appointment for Father and the children to meet with Dr. Saar from Saar Psychological Group and stated that custody would be transferred to Father if Mother failed to transfer the children for the appointment.

Both children participated in the interviews with Saar Psychological Group and the reports were provided to the family court on June 24, 2022, with findings of parental alienation by Mother. On or about August 11, 2022, Father filed a petition for modification of custody, wherein he requested that the children be removed from Mother's custody to allow them to reunify with Father. Along with his petition for modification, Father also

filed an emergency motion for the immediate transfer of custody, wherein he alleged that Mother failed to bring the children for a July 24, 2022, visit and has permitted the children to continue to show disrespect. Father also expressed that he feared Mother would attempt to flee to Egypt with the children, as more than $200,000 in cash had been discovered, and that Mother had kept these funds hidden from Father during their divorce proceedings.

On September 2, 2022, Father filed another emergency motion for immediate transfer of custody, wherein he alleged that the eight-year-old's teacher alerted him that the parties' son had threatened to kill a child at school. Additionally, Father stated that their son had beaten the family dog and exhibited other alarming behavior, but Mother refused to seek treatment. On September 2, 2022, a hearing was held on Father's emergency motions. The family court entered its order on September 14, 2022, granting full custody of the son to Father, but leaving the daughter in Mother's custody.

On October 6, 2022, a final hearing was held on Father's petitions for contempt, petition for modification of custody, and emergency motions. Mother also filed a petition for modification. The family court entered its order on October 12, 2022, finding that Mother had continuously withheld visits and encouraged the children to disrespect Father, despite being warned in previous hearings that she would suffer severe consequences if she continued to disobey the court's orders. During the hearing, Mother admitted that she refused visits, failed to provide the children's passports for vacations with Father, and that she was aware of the youngest child's behavioral issues and did nothing to get him professional help. Saar Psychological Group recommended that the children be placed in Father's care and that Mother not be permitted to contact the children for three to six months.

The family court transferred custody to Father and held that Mother would have no contact with the children for six months. The family court based this ruling on Mother's conduct during a court authorized call with her son, which was supervised by the Mother's therapist and Father. For this call, Mother was directed to speak in English and keep the conversation focused on fun topics. However, Mother refused to speak in English, discussed custody matters, and told the child to only listen to her and no one else. The therapist had to end the phone call early because Mother refused to cooperate. The family court also held that any allegations by the daughter against Father should be viewed as suspect, due to the likelihood that she would create false allegations in hopes of returning to Mother's custody. Therefore, the family court advised the parties that if the children are removed from Father's care due to allegations of abuse, they may be placed in foster care rather than with Mother. Mother was held in contempt for violating all previous orders in an effort to alienate the children from Father. Additionally, the family court ordered Mother to pay a $2,500 performance bond which would be released to Father in the event of a future contempt. The bond amount would continue to double for each finding of contempt. Father was granted sole custody and decision-making authority for both children.

On November 14, 2022, Mother's counsel sent a letter to Father's counsel seeking information about the children's schools, progress reports, the mosque they attend, the names of their healthcare professionals, information about their extracurricular activities, an address and phone number to allow daughter's friends to contact her, and permission to allow Mother's psychiatrist to connect with the children's therapist. Father's counsel refused to accommodate Mother's request. Thus, on or about December 9, 2022, Mother filed a motion for access to information and/or the appointment of a guardian ad litem ("GAL"). In her motion, Mother sought to have the family court rule on the requests made directly to Father's counsel. Father filed a response to the motion, wherein he argued that Mother should not be granted access to any of the documents she requested due to her earlier attempt to undermine Father's attempts at getting therapy for the children and her refusal to follow the court's orders. On February 8, 2023, a hearing was held on Mother's motion. The family court held that neither Mother nor her therapist should have access to the children's records from treating physicians or therapists because it was "not appropriate." No other reasoning or analysis was included in the final order regarding the denial of Mother's access to the children's records. However, Father was ordered to inform Mother about the children's activities, progression in school, and medical issues through AppClose. It is from the February 13, 2023, order that Mother now appeals.

On appeal, Mother raises six related assignments of error. In sum, she asserts that the family court erred when it denied her and her therapist access to the children's therapy records and failed to make specific findings of fact regarding why access was denied. She further argues that said denial is an unconstitutional infringement upon her due process rights to the care, custody, and control of her children. We find merit in this argument.

The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court:

> "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

The family court's February 13, 2023, order lacks sufficient factual analysis for denying Mother access to her children's records, particularly when the children were

4

primarily in her care until October 2022. When determinations are made that affect a parent's right to the care and control of their children, the final order should include sufficient analysis to ensure that constitutional rights are not infringed upon and sufficient findings of fact to allow for meaningful appellate review. Here, the family court denied Mother access to her children's records and the only reasoning provided was that it was "not appropriate."

Accordingly, we remand to the family court with directions to enter an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review. The family court is directed to make specific findings of fact and conclusions of law regarding why it is not in the best interest of the children to allow Mother to be granted access to their therapy records and how the children would be harmed should Mother be granted access.

Remanded with directions.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen